122 F.3d 1069
 10 NDLR P 287
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ROBERT BENDER, Plaintiff-Appellant,
v.
SAFEWAY STORES, INC.; Specialized Distribution Management,
Inc., Defendants-Appellees.
 No. 96-15992.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided Aug. 20, 1997.
 
 1
 Appeal from the United States District Court Northern District of California, No. CV-95-1581-WHO; William H. Orrick, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Robert Bender ("Bender") appeals the district court's grant of summary judgment in favor of Specialized Distribution Management, Inc. ("SDMI"), on Bender's claim that SDMI refused to hire him in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101, et seq. Bender claims that he is disabled under the ADA and that SDMI discriminated against him based on that alleged disability when SDMI decided that it would not hire him as a truck driver.
 
 
 5
 In a well-reasoned opinion, the district court found that Bender was not disabled under the ADA and that even if he were, he did not prove a claim of discrimination based on such a disability. Because Bender cannot be found to be disabled under the ADA and, even if he were disabled, cannot prove his claim of discrimination in light of SDMI's legitimate, nondiscriminatory reason for declining to hire Bender, the district court's ruling is affirmed.
 
 
 6
 A grant of summary judgment is reviewed de novo. T.W. Electric Serv. Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626 (9th Cir.1987).
 
 
 7
 Bender claims he was disabled under the ADA because he was "regarded as" having a disability by SDMI when he applied in September 1994. See section 12102(2)(C). The test for a "regarded as" claim is "whether the impairment, as perceived, would affect the individual's ability to find work across the spectrum of same or similar jobs." Muller v. Auto. Club of So. Cal., 897 F.Supp. 1289, 1297 (S.D.Cal.1995)(citing Partlow v. Runyon, 826 F.Supp. 40, 44 (D.N.H.1993)). In Holihan v. Lucky Stores, Inc., 87 F.3d 362 (9th Cir.1996), the court required that an ADA plaintiff establish with some specificity that he was regarded as having a disability. Bender claims that because Dr. Patel did not clear him to work in December of 1992 and because Dr. Patel failed Bender on his Department of Transportation physical, SDMI regarded him as having a disability based on its knowledge of Dr. Patel's actions. However, when Bender applied with SDMI in 1994, there is no evidence to support the contention that SDMI regarded him as having a disability at that time. Bender's reliance on actions taken by Dr. Patel two years before his application with SDMI does not support a finding that SDMI regarded him as disabled when he applied in 1994.
 
 
 8
 Alternatively, Bender claims that he has a disability under the ADA because he had a "record of" such disability and that SDMI had knowledge of this record. See section 12102(2)(B). Bender claims that he was actually disabled from December of 1992 (the date that he was not cleared to work by Dr. Patel) until September of 1994 and that this establishes a record of his disability. The phrase "has a record of such impairment" means "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). The regulation indicates that Bender must have a history of an actual disability to have a record of such a disability.[1] Bender claims that he was actually disabled from December 1992 to September 1994. His deposition testimony, however, indicates that in 1992, Bender did not believe that his shoulder injury would impede his ability to drive a truck or rebuild pallets. Based on the above, Bender has not proven that he was disabled under the ADA when he applied for a job with SDMI in September of 1994.
 
 
 9
 Assuming, arguendo, that Bender had a disability under the ADA, he must prove that SDMI discriminated against him because of that disability. To qualify for relief under the ADA, Bender must establish (1) that he was a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability. Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990).
 
 
 10
 Bender must first establish a prima facie case of discrimination based on his alleged disability. See Id.; Reynolds v. Brock, 815 F.2d 571, 574-575 (9th Cir.1987). The first question is whether Bender is qualified for the position of truck driver with reasonable accommodation. Bender requested the reasonable accommodation of giving him more time under the collective bargaining agreement ("CBA") to be absent from work for medical reasons without losing his seniority. However, by September 1994, when he was cleared to work, Bender still had a lifting restriction--30 pounds to any level and 40 pounds to his waist. With Bender's lifting restrictions, he is not qualified to work as a truck driver for SDMI. Additionally, reassignment to a different vacant position (such as a "hostler") is not a reasonable accommodation available to Bender. See 29 C.F.R. § 1630, App., at 407; Myers v. Hose, 50 F.3d 278, 284 (4th Cir.1995)("the duty of reasonable accommodation does not encompass a responsibility to provide a disabled employee with alternative employment when the employee is unable to meet the demands of his present position"). Applicants must be qualified for the position for which they applied. See 29 C.F.R. § 1630, App., at 407. Therefore, Bender has not met his prima facie case because he is not qualified for the position he seeks even with reasonable accommodation.
 
 
 11
 Even if Bender could establish a prima facie case, SDMI has submitted a legitimate, nondiscriminatory reason for its actions, and Bender has not shown the reason to be a pretext for SDMI's alleged discriminatory motives. SDMI claims that Will Rollins ("Rollins") told Bender that SDMI had nothing for him because Rollins knew that Bender's right to a job under the CBA had expired in November of 1993.
 
 
 12
 Bender argues that SDMI's reason was a pretext because it refused to hire him based on the fact that SDMI regarded him as disabled, rather than on the basis of the CBA. There is no evidence presented by Bender that SDMI's legitimate, nondiscriminatory reason was pretextual. There is no evidence that Bender's lifting restrictions were ever considered in SDMI's decisions. In fact, the restrictions were not discussed in connection with SDMI's decision. Neither Rollins nor Bender brought up the restrictions in their short telephone conversation. Bender presented no evidence that Rollins had even seen the fax containing the restrictions before that conversation. Assuming that Bender has a prima facie case, this, without more, will not allow Bender to survive summary judgment in the face of SDMI's undisputed legitimate reason for not hiring Bender. The district court's grant of summary judgment in favor of SDMI is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Bender does not make a claim under the "misclassified" prong of this regulation